UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES CAUSEY #108113,<br>    Plaintiff,<br><br>v.<br><br>MARGARET OUELLETTE, *et al.*,<br>    Defendants. | No. 1:23-cv-884<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendants' motion for summary judgment. (ECF No. 30). Judge Berens issued a report and recommendation ("R&R"). (ECF No. 33) Plaintiff filed an objection to the R&R. (ECF No. 34). Defendants filed a response in opposition. (ECF No. 35). The court will adopt the R&R over Plaintiff's objection and grant Defendants' motion for summary judgment.

### I.

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections ("MDOC"), filed this civil rights action under 42 U.S.C. § 1983 on August 21, 2023, against Defendants Margaret Ouellette, P.A., Suzanne Groff, N.P., and Unknown Party #1, identified as John Doe medical provider. Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), the court permitted Plaintiff's Eighth Amendment denial-of-medical-care claims against all Defendants to proceed. In addition, the court decided to exercise supplemental jurisdiction over Plaintiff's state-law claim. (ECF

1

Nos. 12 and 13.) Plaintiff alleges that Defendants violated his Eighth Amendment rights due to their deliberate indifference to his urinary complaints related to his Flomax prescription.

Defendants Oulette and Groff moved for summary judgment. (ECF No. 30). Plaintiff did not file a response. The R&R recommends that Defendants' motion for summary judgment be granted. The R&R found that Defendant Ouellette was not involved in Plaintiff's medical care during the relevant period regarding his complaints about his urinary medication, so she is entitled to summary judgment. Likewise, Defendant Groff was entitled to summary judgment because Plaintiff failed to present the requisite evidence from which a reasonable jury could conclude that the treatment was grossly incompetent. Additionally, Defendant Groff did not ignore a serious risk of harm to Plaintiff. Rather, she responded to Plaintiff's need for treatment and exercised her medical judgment that Plaintiff should be seen by his urologist to address his concerns about his medication. Finally, the R&R concluded that Plaintiff's claim against Unknown Party No. 1 should be dismissed for failure to effect timely service. Finally, the R&R recommends that this court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The R&R would terminate this action.

## II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## III.

Plaintiff appears to raise two objections to the R&R. Neither is meritorious, and the court will adopt the R&R.

Before turning to the merits of Plaintiff's objections, the court notes that Plaintiff failed to respond to Defendants' motion for summary judgment. Objections are intended to permit an appeal of a recommendation issued by a magistrate judge. Naturally, when a party does not properly raise an issue before the magistrate judge, the magistrate judge has no ability to address a party's arguments. In those instances, like here, where newfound objections were not raised with the magistrate judge, the objections are procedurally improper. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff's objections are procedurally deficient because they implicate matters that were not raised before the magistrate judge. The court will address them anyway.

First, Plaintiff objects to the R&R's characterization of Defendant Ouellette's involvement with Plaintiff's medical care during the time he was complaining about his Flomax prescription. Plaintiff argues that she was personally involved with his medical treatment plan. There is no medical evidence to suggest that Plaintiff was denied treatment by Defendant Ouellette as she was not involved with Plaintiff's medical care. To the contrary, Plaintiff's medical records clearly establish that N.P. Groff, who Plaintiff voluntarily dismisses from this action, was actively treating Plaintiff's urinary issues. (ECF No. 30-1). Plaintiff cites no portion of the record or any evidence to support his contention that Defendant Ouellette was involved in the treatment of his urinary issues. The R&R did not err, and the court rejects this objection.

Second, Plaintiff's objects to the R&R's conclusion that Plaintiff was not suffering from a serious medical need. This objection focuses on Defendant Ouellette as well, despite the R&R's finding that Ouellette did not treat Plaintiff during the relevant period. The R&R did not conclude that Plaintiff was not suffering from a serious medical need. Rather, the R&R concluded that Groff was not deliberately indifferent to Plaintiff's serious medical need. Instead, she responded to Plaintiff's need for treatment and exercised her medical judgment that Plaintiff should see his urologist to address medication concerns. Thereafter, Defendant Groff arranged for Plaintiff to see the urologist. In addition, when Plaintiff continued to complain about side effects from his Flomax medication, Groff changed his medication to Hytrin. When Plaintiff subsequently had issues with his new medication, Groff counseled him on medication adherence and the period of time it would take for Plaintiff to see results from the new medication. The court rejects Plaintiff's second objection.

## IV.

The court has reviewed the record, including the R&R, Plaintiff's objection, and Defendants' response to Plaintiff's objection. The court will adopt the report and recommendation as the opinion of the court and reject Plaintiff's objection.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 33) is **ADOPTED** by the court. This matter is dismissed.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 30) is **GRANTED** as described in the report and recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 10, 2025                                  /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge